Jayme E. Simpson (SBN 209595)
**SIMPSON LAW GROUP, LLP**
*The Historical Spreckels Building*
121 Broadway, Sixth Floor
San Diego, CA 92101
Telephone: (619) 236-9696
Facsimile: (619) 236-9697

Attorneys for Plaintiff, KYLIE HERD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLIE HERD, an individual, | Unlimited Civil Case No.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| AIRBUS S.A.S., a foreign corporation. doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California; ROLLS-ROYCE plc, a foreign corporation. doing business in the State of California; | |
| Defendant. | |

**COMES NOW** Plaintiff, KYLIE HERD, for causes of action arising out of toxic chemical exposure that occurred on or about July 8, 2015 against Defendants AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California; ROLLS-ROYCE plc, a foreign corporation doing business in the State of California, complains and alleges as follows:

### PARTIES

1. At all relevant times, Plaintiff, KYLIE HERD, was and is a citizen of Australia. Plaintiff is over the age of eighteen. Plaintiff worked for Qantas Airways Limited as a Longhaul Flight Attendant member for the Qantas international flight

between Los Angeles International Airport (LAX) and Sydney, Australia (SYD) at all relevant times mentioned herein.

2. KYLE HERD's injuries occurred in Los Angeles, California.

3. At all relevant times, Defendant, AIRBUS S.A.S. was, and is, a French corporation having its principal place of business in Toulouse-Blagnac, France.

4. At all relevant times, Defendant AIRBUS GROUP HQ INC. was, and is, a United States corporation having its principal place of business in Herndon, Virginia; and is registered with the California Secretary of State to conduct business in the State of California.

5. Both Defendants AIRBUS S.A.S. and AIRBUS GROUP HQ, INC. have in the past, and continue to, engage in substantial and non-isolated business activity on a continuous and systematic basis in the United States and California. For example, and without limitation:

  a. AIRBUS S.A.S. maintains a North American headquarters in Herndon, Virginia; and numerous offices throughout the United States including engineering centers in Mobile, Alabama and Wichita, Kansas.

  b. In the State of California, AIRBUS S.A.S. owns and operates AIRBUS GROUP HQ INC., which holds a principal address in San Jose, California. The purpose of AIRBUS GROUP HQ INC. is to sell AIRBUS S.A.S. aircrafts in the State of California.

  c. In the State of California, AIRBUS S.A.S. owns and operates AIRBUS DEFENSE AND SPACE, INC., a Delaware corporation that is registered with the California Secretary of State; and, qualified for the transaction of intrastate business to sell AIRBUS S.A.S. aircrafts in the State of California.

  d. Additionally, AIRBUS S.A.S. by and through AIRBUS GROUP HQ INC. operates a Customer Support Center in Los Angeles, California,

COMPLAINT - 2

where it provides on-site technical assistance, and helps solve in-service problems.

6. At all relevant times, Defendant, ROLLS-ROYCE PLC was, and is, a British corporation having it principal place of business in Birmingham, United Kingdom.

7. Defendant ROLLS-ROYCE PLC has in the past, and continues to, engage in substantial and non-isolated business activity on a continuous and systematic basis in the United States and California. For example, and without limitation:

   a. ROLLS-ROYCE PLC maintains a North American headquarters in Reston Virginia and numerous offices throughout the United States including engineering centers in Indianapolis, Indiana and Huston, Texas.

   b. In the State of California, ROLLS-ROYCE PLC owns and operates ROLLS-ROYCE NORTH AMERICA INC., which holds a principal address in Cypress, California and has sales and service centers in multiple locations in California including Los Angeles. The purpose of AIRBUS GROUP HQ INC. is to sell and service AIRBUS aircrafts containing ROLLS-ROYCE engines in the State of California.

   c. In the State of California, ROLLS-ROYCE PLC owns and operates ROLLS-ROYCE CONTROLS AND DATA SERVICES, INC., a Delaware corporation that is registered with the California Secretary of State and qualified for the transaction of intrastate business to sell and service AIRBUS aircrafts containing ROLLS-ROYCE engines in the State of California.

8. AIRBUS S.A.S. designed and/or manufactured the subject AIRBUS A380-842 aircraft - serial number 62, Registration Tail Number VHOQJ.

9. ROLLS-ROYCE PLC designed and/or manufactured the RB2ll Trent 972-84 engine used in the design and manufacture of the AIRBUS A380-842 aircraft.

10. In 1996, ROLLS-ROYCE and AIRBUS S.A.S signed a Memorandum of Understanding, specifying the Trent 900 as the engine of choice for the then A3XX, now called the Airbus A380.

11. The AIRBUS A380-842 aircraft including the RB2ll Trent 972-84 engine are collectively referred to herein as "SUBJECT AIRCRAFT."

12. AIRBUS S.A.S., AIRBUS GROUP HQ INC., and/or ROLLS-ROYCE PLC sold the subject AIRBUS A380-842 aircraft to Qantas, an Australian airline carrier that operates flights in the United States and California specifically.

13. AIRBUS S.A.S., AIRBUS GROUP HQ INC., and/or ROLLS-ROYCE PLC were aware or should have been aware at the time Qantas purchased the SUBJECT AIRCRAFT that Qantas intended to operate flights in the United States and California specifically.

14. On or before July 8, 2015, AIRBUS S.A.S., AIRBUS GROUP HQ INC, and/or ROLLS-ROYCE PLC were involved in the design, engineering, manufacturing, assembly, testing, marketing, distributing and/or selling of the subject AIRBUS A380-842 aircraft.

15. AIRBUS S.A.S., AIRBUS GROUP HQ INC, and/or ROLLS-ROYCE PLC is the Type Certificate holder for the A380 product line.

16. The A380 aircraft model is certified by the Federal Aviation Administration ("FAA").

17. AIRBUS S.A.S., AIRBUS GROUP HQ INC, and/or ROLLS-ROYCE PLC, at all relevant times hereto, assumed all responsibility for providing inspection, repair, service, maintenance, replacement, overhaul, warnings, parts, instructions, maintenance manuals, continuing airworthiness information, and other information with respect to the AIRBUS A380-842 aircraft.

18. AIRBUS S.A.S., AIRBUS GROUP HQ INC, and/or ROLLS-ROYCE PLC transacted business in multiple counties in California, including, but not limited to San Francisco, San Jose, and Los Angeles at the time the cause of action arose.

## JURISDICTION

19. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exclusive of interest and costs exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

20. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC are subject to personal jurisdiction under California Code of Civil Procedure § 410.10.

21. Plaintiff's causes of action arise out of AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC engaging in one or more of the following acts within the State of California:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in California and/or having an office or agency in the State of California.

    b. Committing a tortious act within the State of California.

    c. Causing injury to persons or property within the State of California arising out of an act or omission by AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC outside California because, at or about the time of the injury, AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC were either:

        i. Engaged in solicitation or service activities within California; or

        ii. Products, materials, or things processed, designed, serviced, or manufactured by AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC anywhere were used or consumed within California in the ordinary course of commerce, trade, or use.

22. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC is engaged in substantial and not isolated activity within the State of California including, but not limited to, owning and operating multiple corporations, transacting business, soliciting business, deriving revenue, contracting to supply goods or services and providing goods and services in California.

23. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC has sufficient minimum contacts with the State of California:

    a. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC purposefully directs its activities at residents of the State of California and purposefully conducts activities within the State of California, thereby invoking the benefits and protections of the laws of California;

    b. Plaintiff's injuries and causes of action arise from and/or relate to AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC activities within the State of California;

    c. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC activities within the State of California are such that AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC expects or should reasonably anticipate being hailed into court in California.

    d. Venue of this action properly lies in the United States District Court for the Central District of California under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in or near Los Angeles, California, including air flight departing from Los Angeles International Airport (LAX).

## GENERAL ALLEGATIONS

24. On July 8, 2015, KYLIE HERD was working as a Longhaul Flight Attendant member aboard an AIRBUS A380-842 aircraft, registration No.VH-OQJ operated as Qantas Flight #12 ("QF 12") from Los Angeles International Airport (LAX) to Sydney, Australia (SYD).

25. While onboard, KYLIE HERD was exposed to toxic fumes that entered the passenger cabin through the air delivery system. The toxic fumes entered the passenger cabin through the air delivery system as a result of the product defect as alleged herein. The "product" for purposes of this Complaint is the SUBJECT AIRCRAFT.

26. Upon information and belief, the toxic fumes that Plaintiff KYLIE HERD was exposed to were comprised of contaminated bleed air. Bleed air is the outside air fraction of the cabin supply air that is first compressed in the aircraft engines or Auxiliary Power Unit and which, as a result of the product defect alleged herein, is prone to contamination with high-temperature engine oil and hydraulic fluid and their byproducts under normal operating conditions.

27. During takeoff from LAX Plaintiff KYLIE HERD was exposed to toxic fumes. These fumes presented with a strong odor characterized as "foot odor" or "smelly cheese."

28. Several noticeable fume incidents occurred during the course of the twenty-one continuous hours Plaintiff KYLIE HERD was onboard the SUBJECT AIRCRAFT. Callbacks amongst the Longhaul Flight Attendants during the fume events confirmed the fumes were smelled by Flight Attendants in all zones of the main and upper decks and flight deck.

29. During the flight Plaintiff KYLIE HERD experienced symptoms including, but not limited to, stinging eyes, blurred vision, and fatigue.

30. As a result of her exposure to contaminated bleed air on the SUBJECT AIRCRAFT Plaintiff KYLIE HERD has suffered and continues to suffer severe physical and emotional injuries, including but not limited to: cognitive problems, short term memory impairment, inability to concentrate, confusion, loss of coordination, vertigo, headaches, increased heart rate, inability to regulate body temperature, significant changes to vision, chronic fatigue, hair loss, skin rash, pituitary tumor, liver tumors, kidney cyst, and gallstones.

31. By reason of the foregoing, Plaintiff has been required to employ the services of physicians, nurses, pathologists, forensic psychologist, radiologist, dermatologist, endocrinologist, hepatologist, trichologist, optometrist and other professional services, and Plaintiff has been compelled to incur expenses for medicines, imaging, and other medical supplies and services. Plaintiff is informed and believes, and

thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof at trial.

32. As a result of her injuries and the symptoms, Plaintiff KYLIE HERD has been unable to return to work. KYLIE HERD'S doctors attribute her illness and symptoms to her exposure to the toxic fumes inside the passenger cabin of the SUBJECT AIRCRAFT. As such Plaintiff has suffered and will continue to suffer lost earnings and/or lost earning capacity. Plaintiff is informed and believes, and based on such information and belief, alleges that her injuries will continue for an indefinite period of time in the future and therefore will necessitate that she be absent from employment in the future, the exact time and duration of which are unknown at this time but proof of which will be offered at time of trial.

## COUNT I.

## NEGLIGENCE

33. Plaintiff hereby incorporates by reference each and every preceding paragraph of the complaint hereinabove as though fully set forth herein.

34. At all relevant times hereto, AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC were in business together for the purpose of designing, manufacturing, maintaining, and selling aircrafts, including the AIRBUS A380-842 aircraft that is the subject of this lawsuit.

35. On July 8, 2015, Plaintiff KYLIE HERD, as part of the Qantas Longhaul Flight Attendant team was using the SUBJECT AIRCRAFT in an intended or reasonably foreseeable manner.

36. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC had a duty to use reasonable care in designing, developing, manufacturing, assembling, supplying, testing, marketing, installing, distributing, repairing, maintaining, selling, and placing into the stream of commerce the SUBJECT AIRCRAFT so as to avoid exposing Plaintiff KYLIE HERD to unreasonable and unnecessary risks.

///

37. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC breached their duty of care in one or more of the following ways:

    a. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to adequately and sufficiently design the SUBJECT AIRCRAFT'S environmental control system, bleed air system, air delivery system, recirculated air filtration system, and ventilation system in that the systems allowed air contaminated with hazardous substances, including vaporized and/or pyrolyzed engine oil and/or hydraulic fluid to enter the breathing zone within the SUBJECT AIRCRAFT under normal operating conditions and without detection or recirculated air filtration system.

    b. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to follow established industry standards.

    c. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to adhere to government standards.

    d. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC knew or should have known about the potential adverse health consequences associated with exposure to contaminated bleed air and failed to issue adequate warnings or instructions concerning the risks posed to the health and safety of passengers and Longhaul Flight Attendant.

    e. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to adequately warn ultimate users such as, Plaintiff KYLIE HERD, regarding the potential hazards of the environmental control system, bleed air system, air delivery system, recirculated air filtration system, and ventilation system.

    f. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC knew or should have known about the dangers associated with its

environmental control system, bleed air system, air delivery system, recirculated air filtration system, and ventilation system and failed to retrofit and/or modify and/or redesign these systems to prevent or minimize the dangers of exposure to contaminated bleed air.

g. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC knew or reasonably should have known that users of the SUBJECT AIRCRAFT, such as Plaintiff KYLIE HERD, would not realize the danger presented by the contaminated bleed air.

h. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC became aware of the product defect after the SUBJECT AIRCRAFT was sold and failed to recall and/or retrofit the product.

i. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to place and/or recommend the placement of a filter or filters on the SUBJECT AIRCRAFT to prevent or minimize the danger of exposure to contaminated bleed air.

j. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to provide instructions to adequately remedy the problem or prevent recirculated gaseous contaminants from reentering the breathing zone within the passenger cabin or to prevent other fume events.

k. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to equip its product with a contamination-detection system, sensors, filter or filters to detect, reduce and/or eliminate the danger of exposure to contaminated air.

l. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to construct the SUBJECT AIRCRAFT in a reasonably safe condition and the SUBJECT AIRCRAFT did not conform to express or implied warranties.

///

  m. AIRBUS S.A.S., AIRBUS GROUP HQ, and/or ROLLS-ROYCE PLC failed to maintain adequate quality control during manufacture such that the SUBJECT AIRCRAFT contained a manufacturing defect when it left AIRBUS S.A.S., AIRBUS GROUP HQ, and/or ROLLS-ROYCE PLC possession.

  n. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC failed to adequately test the SUBJECT AIRCRAFT and maintain complete test records.

  o. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC designed, tested, manufactured, inspected, repaired and maintained the aircraft in such a negligent manner that the SUBJECT AIRCRAFT was likely to expose Plaintiff to contaminated air while being used under intended or foreseeable conditions.

38. As a direct and proximate cause of Defendant AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC's negligence, Plaintiff KYLIE HERD suffered injury including but not limited to serious physical and mental injury, past and future medical expenses, loss of employment including lost benefits, lost earning capacity, lost past and future wages, general damages for past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, anxiety, inconvenience, grief, frustration, embarrassment, and other similar negative emotional effects.

WHEREFORE, Plaintiff KYLIE HERD demands judgment for compensatory damages, punitive damages and costs against AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC, and further demands trial by jury of all issues so triable as a matter of right.

## COUNT II.
## STRICT LIABILITY

39. Plaintiff hereby incorporates by reference each and every preceding paragraph of the complaint hereinabove as though fully set forth herein.

40. At all relevant times hereto, AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC were in business together for the purpose of designing, manufacturing, maintaining, and selling aircrafts, including the AIRBUS A380-842 aircraft that is the subject of this lawsuit.

41. On July 8, 2015, Plaintiff KYLIE HERD, as part of the Qantas Longhaul Flight Attendant team was using the SUBJECT AIRCRAFT in an intended or reasonably foreseeable manner.

42. At all relevant times, AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC designed, developed, manufactured, assembled, supplied, tested, marketed, installed, distributed, repaired, maintained, sold, and placed into the stream of commerce the SUBJECT AIRCRAFT.

43. The SUBJECT AIRCRAFT was not constructed in a reasonably safe condition as an ordinary consumer would expect when used as intended.

44. The SUBJECT AIRCRAFT and/or component parts were unreasonably dangerous and defective to the users of the aircraft and/or inadequate instructions and warnings were provided to eliminate the unreasonable danger posed to users.

45. The SUBJECT AIRCRAFT was unreasonably dangerous, by way of example, but not limited to, the SUBJECT AIRCRAFT'S environmental control system, bleed air system, air delivery system, recirculated air filtration system, and ventilation system in that the systems allowed air contaminated with hazardous substances, including vaporized and/or pyrolyzed engine oil and/or hydraulic fluid to enter the breathing zone within the subject aircraft under normal operating conditions and without detection or removal.

46. The SUBJECT AIRCRAFT was also unreasonably dangerous due to lack of a filter or filters to prevent or minimize the danger of exposure to contaminated bleed

///

air and/or an air supply contamination detection system, sensor, or filters to detect, reduce, prohibit, or eliminate the danger of exposure to contaminated bleed air.

47. The unreasonably dangerous defects were present in the SUBJECT AIRCRAFT when it was placed into the stream of commerce by AIRBUS S.A.S., AIRBUS GROUP HQ, and/or ROLLS-ROYCE PLC and the Subject Aircraft did not undergo material change or alteration up to and including the time of the subject incident.

48. AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC are liable because the SUBJECT AIRCRAFT was defective in its design and/or manufacture and/or because adequate warnings were not provided with the product at the time of sale or at any time after its manufacture.

49. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have recalled and/or retrofitted the SUBJECT AIRCRAFT.

50. A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned of the danger presented by the SUBJECT AIRCRAFT and/or a reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have instructed on safe use of the SUBJECT AIRCRAFT.

51. The SUBJECT AIRCRAFT did not perform as safely as an ordinary consumer would have expected the SUBJECT AIRCRAFT to perform when used in an intended and/or reasonably foreseeable way.

52. As a direct and proximate result of the foregoing, AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC are strictly liable to Plaintiff KYLIE HERD for her damages claimed.

53. As a direct and proximate cause of Defendants AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC negligence, Plaintiff KYLIE HERD suffered injury including but not limited to serious physical and mental injury, past and future medical expenses, loss of employment including lost benefits, lost earning capacity, lost

past and future wages, general damages for past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, anxiety, inconvenience, humiliation, frustration, embarrassment, and similar emotional effects.

WHEREFORE, Plaintiff KYLIE HERD demands judgment for compensatory damages, punitive damages and costs against AIRBUS S.A.S., AIRBUS GROUP HQ, and ROLLS-ROYCE PLC, and further demands trial by jury of all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff KYLIE HERD hereby demands a jury trial on all issues so triable as a matter of right.

Respectfully submitted,

Dated: July 7, 2017  **SIMPSON LAW GROUP, LLP**

By:_____/s/ Jayme Simpson_____
    Jayme Simpson, Esq.
    Attorneys for Plaintiff
    KYLIE HERD